Marie G. Quashnock (SBN 153567)
marie@aqalegal.com
Hallie N. Zimmerman (SBN 247407)
hallie@aqalegal.com
**ALVIS QUASHNOCK AND ASSOCIATES, a PC**
613 First Street, Suite 202
Brentwood, CA  94513
Telephone: (925) 516-1617
Facsimile:  (925) 775-7008

Attorneys for Plaintiffs
RICHARD L. STORER and
KATHI L. STORER

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD L. STORER and KATHI L. STORER, individuals, | Case No. |
| Plaintiffs, | **PLAINTIFFS' COMPLAINT** |
| v. | |
| BANK OF AMERICA, NATIONAL ASSOCIATION; SPECIALIZED LOAN SERVICING LLC; and DOES 1-50, | |
| Defendants. | |

Plaintiffs allege:

## INTRODUCTION

1.      During Plaintiffs' efforts to obtain a modification of the mortgage on their home and later to become current on all their debts, including their mortgage, through a Chapter 13 Bankruptcy Petition, Defendants misrepresented the status of those efforts and the terms of the loan, leading Plaintiffs to believe they had obtained a modification of the loan on which they were current when they were discharged from bankruptcy. As a result, even though Plaintiffs had been duly making their mortgage payments every month, as they always had, and in accordance with the payment amount represented by Defendants, Defendants then took the position that there had been no modification and that Defendants were in fact in arrears at the time of bankruptcy

discharge. Defendants are now threatening to institute foreclosure proceedings unless Plaintiffs pay arrears that are traceable to events occurring prior to Plaintiffs filing their bankruptcy petition.

**PARTIES**

2.  Plaintiffs are individuals residing in Contra Costa County, California, and are the owner and occupant of the real property that is the subject of this case, located at 2108 Roper Circle, Brentwood, CA (the "Subject Property").

3.  Plaintiffs are informed and believe that Defendant BANK OF AMERICA, NATIONAL ASSOCIATION ("Bank of America") is a national banking association with its main office, as registered with the Office of the Comptroller of the Currency, located in North Carolina and has done business in Contra Costa County at all relevant times.

4.  Plaintiffs are informed and believe that Defendant SPECIALIZED LOAN SERVICING LLC ("SLS") is a Delaware limited liability company registered in California, with its principal place of business in Colorado and has done business in Contra Costa County at all relevant times.

5.  Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is liable to Plaintiffs as hereinafter alleged, and that Plaintiffs' rights against such fictitiously named Defendants arise from such liability and indebtedness.

6.  Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were acting on their own behalf and as agents or employees of each of the other Defendants, and the acts described hereinafter were done in the course and scope of such agency or employment, as well as on their own behalf. Further, Defendants were authorized by Defendants' principals in the doing and the manner of the acts alleged, and ratified said behavior. (Hereafter, unless otherwise specified, defendants including Doe 1 through Doe 50 will be referred to collectively as "Defendants"). Whenever reference is made in this complaint to any act of any

/ / /

Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1), in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. This Court has further jurisdiction under 28 U.S.C. § 1331, pursuant to 12 U.S.C. § 2605.

8. This Court has personal jurisdiction over Defendants by virtue of their transacting, and doing business in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) in that the events or omissions giving rise to the claims occurred in this District. Plaintiffs are, and were at all times material to this Complaint, residents of Contra Costa County, California.

## JURY TRIAL DEMAND

10. Plaintiffs request a jury trial on all issues in this matter.

## FACTS

11. At all relevant times, Plaintiffs have been the fee simple owners of the Subject Property.

12. At all relevant times, Plaintiffs have occupied the Property as their home and principal residence, and the Property consists of only one dwelling unit.

13. Plaintiffs are informed and believe that, at all relevant times, Defendant Bank of America, then later SLS, have been the mortgage loan servicer of the first-lien mortgage on the Subject Property ("Loan"). Plaintiffs conveyed a first-lien, first-position deed of trust on the Subject Property to secure their obligation under the Loan ("Deed of Trust"). The Loan was made for personal, family, or household purposes.

14. For years, Plaintiffs duly made their monthly mortgage payment for the Loan. Similarly, Plaintiffs duly paid their property taxes and insurance for the Subject Property, which was included in their mortgage payment.

///

15. Still current on the Loan, Plaintiffs requested a modification of the loan from Bank of America. In or around about October 2009, Plaintiffs received a letter from Bank of America regarding their loan modification. The letter informed Plaintiffs that they would be starting a HAMP Trial Period Plan and notified Plaintiffs that, beginning November 1, 2009, they would be required to make three monthly payments each in the amount of $2,834.43. The letter also demanded submission of documents by December 12, 2009. The letter also stated that if for some reason Plaintiffs were not eligible for a modification under HAMP, Bank of America would contact them and review other options.

16. In reliance on said statement(s), Plaintiffs followed Bank of America's instructions, and satisfied all conditions of the trial modification, including making the three monthly payments and submitted all required paperwork by the due date.

17. After accepting the three payments, Bank of America never notified Plaintiffs that they were not eligible for a modification under HAMP. Afterward, Plaintiffs continued to make the lower monthly payment that they had been instructed by Bank of America to make.

18. Several months passed, and in or around August 2010, Plaintiffs filed a Chapter 13 Bankruptcy Petition. Bank of America and later SLS represented to Plaintiffs and the Bankruptcy Trustee that Plaintiffs' monthly payment was $2,834.43. In reliance on these statement(s), Plaintiffs continued paying the monthly payments that they were instructed to make and agreed to comply with and make these payments under the confirmed Chapter 13 Plan.

19. Plaintiffs are now informed and believe that said statement(s) by Defendants alleged in paragraphs 15 and 18 were false and Defendants either knew said statement(s) were false at the time they made the statement or made the statement(s) with reckless disregard for whether it was false.

20. Plaintiffs were discharged from bankruptcy in November 2015. Several more months passed and eventually, Defendants took the opposite position, that Plaintiffs still owed Defendants for a higher monthly payment for all those months in which they had been making the lower payments pursuant to their instructions.

///

21. Defendants notified Plaintiffs that they are in default on their Loan.

22. Upon further review of the loan servicing records, Plaintiffs are informed and believe that Defendants received payments from Plaintiffs which were never applied, and/or were misapplied, to the Loan

**FIRST CAUSE OF ACTION**

(Promissory Estoppel)

(Against All Defendants)

23. Plaintiffs incorporate by reference and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

24. As set forth above in the general allegations preceding the First Cause of Action, Bank of America promised Plaintiffs a HAMP loan modification in October 2009 if Plaintiffs made three monthly payments of $2,834.43 and submitted documents by the specified deadline. Plaintiffs fully complied with all requirements for receipt of a permanent modification as set forth above. Based on the trial payments Plaintiffs' were instructed to make, and the unpaid principal balance as of February 1, 2010 after making the initial three payments, the terms of the promised permanent modification are as follows:

- Unpaid Principal Balance: $749,898.99
- Interest Bearing Amount: $575,000
- 2% interest during first five years
- Monthly Payment (Principal, Interest, Taxes & Insurance) of $2,834.43.
- Principal & Interest Payment of $1,988.75
- Taxes and Insurance Payment of $845.68

25. As set forth above, Plaintiffs relied to their detriment on Bank of America's promise of a permanent loan modification, and Defendants' promise and assurance during the Chapter 13 bankruptcy that Plaintiffs' monthly payment was $2,834.43. As a result of Plaintiffs' reliance on Defendants' representations, Plaintiffs continued to make the payments they were instructed to make and agreed to continue making these payments as part of their Chapter 13 Plan.

///

26. Plaintiffs' reliance on Defendants' representations was reasonable, justified, and foreseeable, as Defendants represented to Plaintiffs that it was the servicer and/or owner of the Loan.

27. As a proximate result of Defendants' conduct, as herein alleged, Plaintiffs have suffered and will continue to suffer damages, the exact amount of which have not been fully ascertained but are within the jurisdiction of this Court. Plaintiffs have been denied the benefit of the promise.

28. As a further consequence of Defendants' wrongful acts, Plaintiffs have suffered actual injury, including the loss of equity in their home and lost the opportunity to obtain the protection of the Bankruptcy Court through a Chapter 13 plan, as well as incidental and consequential expenses and damages in amounts that total no less than $289,000.

29. As a further result of said conduct by Defendants, Plaintiffs have had to hire attorneys and incur attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SECOND CAUSE OF ACTION

**(Negligence)**

(Against All Defendants)

30. Plaintiffs incorporate by reference and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. Plaintiffs are informed and believe that Defendants, as Plaintiffs' lender and mortgage servicer, failed to exercise reasonable care in the reviewing and consideration of Plaintiffs' loan modification request(s) and application(s) and in giving Plaintiffs a HAMP loan modification for which they qualified.

32. Plaintiffs are informed and believe that Defendants additionally made misrepresentations regarding the terms of the Loan at the time of Plaintiffs filed for Chapter 13 Bankruptcy protection and throughout the Bankruptcy, without exercising reasonable care with regard to whether said misrepresentations were true or false.

///

33. Plaintiffs are informed and believe that, at all relevant times, Plaintiffs qualified for a HAMP loan modification program offered by or through Defendants pursuant to terms similar to those set forth in paragraph 24.

34. As a result of the above-alleged conduct of Defendants, Plaintiffs have suffered and will continue to suffer damages, the exact amount of which have not been fully ascertained but are within the jurisdiction of this Court. Plaintiffs have suffered actual injury, including the loss of equity in their home and lost the opportunity to obtain the protection of the Bankruptcy Court through a Chapter 13 plan, as well as additional interest, late fees, and costs, in amounts that total no less than $289,000.

35. As a result of the above-alleged conduct of Defendants, Plaintiffs have had to hire attorneys and incur attorney's fees and costs.

## THIRD CAUSE OF ACTION

### (Fraud)

(Against All Defendants)

36. Plaintiffs incorporate by reference and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. Defendants knowingly, or with reckless disregard for the truth, misrepresented that the terms of the Loan had been modified and that if Plaintiffs made the payments they were instructed to make during the Chapter 13 Bankruptcy, the Loan would be current of the date of discharge.

38. Plaintiffs justifiably relied on Defendants' misrepresentations by limiting their monthly payment to Defendants to the amount Defendants had stated, and by agreeing to continue making these payments pursuant to the confirmed Chapter 13 plan.

39. Said reliance on Defendants' fraud has been detrimental to Plaintiffs. Plaintiffs have suffered damages in the form of lost equity and/or lost opportunity for bankruptcy protection, and incurred additional interest, late fees, and costs as a result in amounts that total no less than $289,000.

///

40. Furthermore, Defendants' fraud placed Plaintiffs' home in jeopardy of foreclosure.

41. As a result of said fraud by Defendants, Plaintiffs have had to hire attorneys and incur attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FOURTH CAUSE OF ACTION

**(Unfair, Unlawful, and Fraudulent Business Acts and Practices)**

(Against All Defendants)

42. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

43. Defendants engaged in unfair, unlawful, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code section 17200.

44. As a result of said acts and practices, Plaintiffs have suffered economic injury. Plaintiffs have incurred excessive interest, late fees, and costs. Plaintiffs have additionally suffered resulting damages in amounts that total no less than $289,000.

45. As a further result of said acts and practices, Plaintiffs were forced to pay interest, late fees, and/or costs to Defendants to which they were not entitled in order to save their home from foreclosure.

46. As a further result of said acts and practices, Defendants received payments from Plaintiffs which were never applied, and/or were misapplied, to the Loan.

47. As a result of said conduct by Defendants, Plaintiffs have had to hire attorneys and incur attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FIFTH CAUSE OF ACTION

**(Money Had and Received, Unjust Enrichment)**

(Against All Defendants)

48. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

///

49. Defendants received payments from Plaintiffs for the Loan that have not been applied and/or have been misapplied to the Loan account.

50. Defendants have been unjustly enriched at Plaintiffs' expense.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SIXTH CAUSE OF ACTION

**(Declaratory Relief)**

(Against All Defendants)

51. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

52. Plaintiffs are informed and believe that an actual controversy has arisen and now exists between Plaintiffs and Defendants regarding their respective rights and duties under the note and Deed of Trust for the Loan. Plaintiffs contend that they are entitled to a HAMP loan modification beginning February 1, 2010 pursuant to the terms represented by Defendants, which terms are substantially similar to those set forth in paragraph 24 of this Complaint, which are the loan terms for which they qualified under the loan modification that was offered by or through Defendants. Defendants contend that Plaintiffs did not qualify for or receive such a modification and that the loan terms are different from those Defendants represented.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. For damages in the amount of at least $289,000 plus such additional sums as are proven at trial;

B. For general and special damages in amounts to be proven at trial;

C. For exemplary and punitive damages;

D. For a declaration of the parties' rights and obligations under the Loan;

E. For restitution of all money and property which Defendants obtained by virtue of their unfair, unlawful, and/or fraudulent business acts or practices;

///

F.  For restitution of the excessive amounts that Defendants obtained from Plaintiffs to which Defendants were and are not entitled;

G.  For Plaintiffs' reasonable attorney's fees pursuant to the Deed of Trust;

H.  For costs of suit; and

I.  For such other and further relief as the Court may deem proper.

DATED: June 20, 2017  **ALVIS QUASHNOCK AND ASSOCIATES, PC**

By: /s/ Marie G. Quashnock
      Marie G. Quashnock

613 First Street, Suite 202
Brentwood, CA  94513
Telephone: (925) 516-1617
Facsimile:  (925) 775-7008
Plaintiffs
*RICHARD L. STORER and KATHI L. STORER*